# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

AMY LEBLANC,

    Plaintiff,

v.

ARAUCO NORTH AMERICA, INC.,

    Defendant.

Case No:
Hon.
Mag.

_____

JONATHAN R. MARKO (P72450)
ZACHARY T. RUNYAN (P83671)
Attorneys for Plaintiff
**Marko Law, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone/Fax: (313) 879-0229
zach@markolaw.com

_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

_____

## **PLAINTIFF'S COMPLAINT AND JURY REQUEST**

NOW COMES Plaintiff Amy LeBlanc, by and through her attorneys, Marko Law, PLLC, and for her Complaint against the above-named Defendant, states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332.

2. Venue is proper under 28 U.S.C. § 1391(b) as the events and omissions giving rise to Plaintiffs' claims occurred in this District.

3. The amount in controversy herein exceeds this Court's jurisdictional requirement, exclusive of interest, costs, and attorney fees.

## PARTIES

1. Plaintiff Amy LeBlanc is a resident of the County of Grand Traverse, State of Michigan, and at all relevant times, was employed by Defendant Arauco North America, Inc.

2. Defendant Arauco North America, Inc., (hereinafter "Arauco"), is a foreign profit corporation, incorporated in the State of Delaware, which conducts business in the County of Crawford, State of Michigan.

## FACTS

3. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

4. At all times relevant herein, Plaintiff Amy LaBlanc was an exemplary employee of Arauco.

5. During the course of her employment, Plaintiff was subjected to sexual harassment and sexual assault in the workplace, including, but not limited to,

unwanted comments such as "your lips look good for a blow job," and unwanted touching, such as shoulder rubs and the touching of her lower back.

6.     Around the beginning of September 2018, a co-worker of Plaintiff's that she had been in a relationship with began sharing an explicit photograph of Plaintiff with other employees in the workplace.

7.     Plaintiff went to human resources, who asked Plaintiff questions such as "Are you sure you didn't do this?" and "Did you post these photos anywhere else like social media or a porn site?"

8.     Human resources allegedly conducted an investigation regarding these photographs being shared in the workplace.

9.     During the course of this investigation, Plaintiff was transferred to an off-site, office location.

10.    After the investigation took place, human resources told Plaintiff that this was a "he said, she said situation" and that there was nothing they could do.

11.    Following a meeting regarding this investigation, another male co-worker asked Plaintiff if she wanted to "hook up."

12.    When Plaintiff was allowed back to her work location, she was told she needed to inform her supervisor every time she would be on site.

13.    Others in the workplace continued to harass Plaintiff, including giving her jobs that would require to bend over or be on her hands and knees.

14. Men in the workplace would constantly stare at Plaintiff and make her feel uncomfortable.

15. Rumors were spread by Plaintiff's co-workers that Plaintiff was sleeping with a male co-worker just because she had a conversation with him, and Plaintiff's co-workers began avoiding her.

16. Plaintiff attempted share these ongoing issues with human resources, wherein Plaintiff was told to stop bringing them up because the issues were "already resolved."

17. Unable to tolerate her work environment any longer, Plaintiff was constructively discharged on approximately January 18, 2019.

18. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer injuries and damages, including but not limited to, the following:

    a. Constructive Discharge;

    b. Stress;

    c. Humiliation;

    d. Non-economic damages;

    e. Economic damages;

    f. Punitive damages;

    g. All other injuries to be discovered throughout discovery;

    h. Attorney fees and costs.

## COUNT I
## VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT
### *Disparate Treatment*

19. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. At all relevant times, Plaintiff was an employee and Defendant was an "employer" within the meaning of Michigan's Elliot-Larsen Civil Rights Act ("ECLRA"), MCL 37.2101, *et seq*.

21. At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her sex.

22. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

23. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated male employees in the terms and conditions of her employment, on the unlawful basis of sex.

24. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer injuries and damages.

## COUNT II
## VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT
### *Hostile Work Environment*

25. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. At all relevant times, Plaintiff was an employee and Defendant was an "employer" within the meaning of Michigan's Elliot-Larsen Civil Rights Act ("ECLRA"), MCL 37.2101, *et seq*.

27. Plaintiff was subjected to unwelcome conduct due to her sex.

28. Plaintiff complained about the conduct, stating that it was clearly based on her sex.

29. The Defendant violated Plaintiff's rights under the ELCRA by allowing the unwelcome conduct to affect a term or condition of employment, including unreasonably interfering with Plaintiffs' work performance, and thus creating an intimidating and hostile work environment.

30. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer injuries and damages.

## COUNT III
## VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT
### *Retaliation*

31. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. Defendant retaliated against Plaintiff for participation in investigations related to Defendant's discriminatory and unlawful practices and for the filing of complaints regarding Defendant's discriminatory and unlawful practices.

33. Plaintiff was also demoted and constructively discharged in retaliation for her protected civil rights activity.

34. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages and injuries.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff and against Defendant in an amount the Court or jury deems just and fair, plus interest, costs, and attorney fees.

Respectfully submitted,

/s/ Zachary T. Runyan
ZACHARY T. RUNYAN (P83671)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone/Fax: 313-879-0229
Email: zach@markolaw.com

Dated: September 1, 2021

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, AMY LEBLANC, by and through her attorneys, MARKO LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

                                    Respectfully submitted,

*/s/ Zachary T. Runyan*
ZACHARY T. RUNYAN (P83671)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone/Fax: 313-879-0229
Email: zach@markolaw.com

Dated:  September 1, 2021